UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| KENNITH W. MONTGOMERY | NUMBER 09-2003, SECTION "P" |
| VERSUS | JUDGE MINALDI |
| WARDEN VIC SALVADOR | MAGISTRATE JUDGE KAY |

**REPORT AND RECOMMENDATION**

*Pro se* petitioner Kennith W. Montgomery, proceeding *in forma pauperis*, filed the instant petition for writ of *habeas corpus*[1] on November 24, 2009. Petitioner is a pre-trial detainee confined at the Calcasieu Correctional Center, Lake Charles, Louisiana, awaiting trial on unspecified charges[2] in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana.

Petitioner alleges that he was subjected to an illegal search and seizure, an "unconstitutional bond," and "due process violation." Doc. 1. He attaches to his form application a memorandum which provides some facts that enhance his allegations and concludes by asking this court to protect his "federall protected Constitutional Right to the Fourth, Fifth and Fourteenth Amendment of the United States Constitutions. And suppress all evidence in violation of such Rights." Doc. 1, Att. 1, p. 6.

---

[1] Petitioner's original application was on a form provided for petitions of *habeas corpus* filed pursuant to 28 U.S.C. §2241. Doc. 1. In the body of that form and on the civil cover sheet (Doc. 1, Att. 1), petitioner suggests this court has jurisdiction pursuant to 28 U.S.C. §2254. Insofar as petitioner is a detainee awaiting trial, his claims arise, if at all, under §2241.

[2] Although petitioner does not state in his application what are the pending charges, his Motion to Reduce Bond filed on November 19, 2008, filed in the state court proceeding alleges he was charged with possession of drugs, possession of a stolen weapon, discharging a weapon, and two counts of assault on police officers. Doc. 1,

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED.**

## *Law and Analysis*

Attachments to petitioner's memorandum shows that petitioner is a pre-trial detainee who is challenging his continued custody in an on-going Louisiana state court criminal prosecution. This petition is properly construed as seeking relief pursuant to 28 U.S.C. § 2241, which applies to persons in custody awaiting trial who have not yet been convicted. *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) citing *Ojo v. INS*, 106 F.3d 680, 681 (5th Cir.1997), *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987) and *Robinson v. Wade*, 686 F.2d 298, 302-03, 303 n. 8 (5th Cir.1982).

While there is no express statutory requirement that a detainee exhaust state court remedies prior to asserting claims for *habeas corpus* relief under 28 U.S.C. §2241, a body of jurisprudence imposes such an obligation. *Dickerson*, 816 F.2d at 224-225; *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). Furthermore, a federal court should abstain from the exercise of jurisdiction if the issue raised by a pre-trial detainee in a *habeas* petition may be resolved either by a trial on the merits in the state court or other state court proceedings. *Dickerson,* 816 F.2d at 225, citing *Braden,* 410 U.S. at 489-92, 93 S.Ct. 1123 at 1126-28. These requirements are imposed to preclude "the derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden,* 410 U.S. at 493, 93 S.Ct. at 1129; *Dickerson,* 816 F.2d at 225-226.

---

Att. 3, "Exhibit B".

It is clear from the record submitted by petitioner in support of his requested relief that the underlying criminal action is ongoing, there has been no trial, he has sought relief from the trial court and denial of that relief is the subject of an application to the Third Circuit Court of Appeal.  It is clear that this action is premature and that this court should abstain from consideration of the merits of petitioner's claims considering the pendency of the state court proceeding.

Therefore,

**IT IS RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** for failing to exhaust available state court remedies.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in chambers, in Lake Charles, Louisiana, this 2nd day of March, 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE